IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| ALINCO, Inc. a Utah corporation, ) | |
| ) | Civil No. 2:05-CV-00611 J |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION &** |
| vs. ) | **ORDER** |
| ) | |
| STUMPS PRINTING CO., INC. dba ) | |
| STUMPS, an Indiana corporation, and ) | |
| DOES I-V, ) | |
| ) | |
| Defendant. ) | |

```
                    FILED
         CLERK, U.S. DISTRICT COURT
         December 20, 2005 (10:23am)
              DISTRICT OF UTAH
```

\* \* \* \* \* \*

This matter came on for hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction on November 29, 2005. (*See* Minute Entry, dated November 29, 2005 (dkt. no. 24).) Harold C. Verhaaren appeared on behalf of the Plaintiff and Stephen K. Christiansen, Nancy G. Tinsley and Daniel M. Lechleiter appeared on behalf of the Defendant. (*See Id.*)

At the hearing, the parties relied upon written documents and written filings. No live testimony was offered. The parties argued their respective positions and were given opportunity to filed additional written material, which each has done.

### ARGUMENT

Plaintiff asserts several arguments in support of its motion: (1) Stump Printing Company, Inc. ("Stump"), a customer of Alinco for more than ten (10) years, is now

marketing, selling, and manufacturing mascot characters that are nearly identical copies of Alinco's Mascot Characters, previously purchased by Stump from Alinco; (2) Stump's conduct breaches its agreements with Alinco in which Alinco granted Stump the right to become a retail distributor of some of Alinco's Mascot Characters, subject to Alinco's exclusive rights to manufacture and reproduce them; and (3) Stump's conduct has created and is likely to continue to create confusion and mistake among purchasers of the copied mascot characters regarding their origin, sponsorship and approval will divert sales from Alinco to Stump and diminish the selling power of Alinco's established trade dress and goodwill in violation of 15 U.S.C.A. § 1125(a)(1) and of the Utah Deceptive Trade Practices Act, Utah Code Ann. § 13-11a-3.  Alinco thus, seeks an order restraining and enjoining Stump from marketing, selling and manufacturing the mascot characters that are copies or "knock-offs" of Alinco's Mascot Characters.

Stump opposes the motion asserting that Alinco is not entitled to the extraordinary relief that it seeks because Alinco is not likely to succeed on its claims for breach of oral contract, and covenant of good faith and fair dealing, infringement of unregistered trade dress or violation of Utah's Deceptive Trade Practices Act.  Stump further argues that Alinco will not suffer irreparable harm if the Court denies its motion.

## ANALYSIS

In order to receive a preliminary injunction, a plaintiff must establish the following four factors:  (1) a substantial likelihood of success on the merits of the case; (2)

irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. *See Kikimura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). If a plaintiff establishes that the latter three factors "tip strongly" in his or her favor, the likelihood of success "by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone Coaltion v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Id.*

It appears to the court that the right to relief is not clear and unequivocal in this case. Plaintiff has not demonstrated the equitable or harm factors and has not demonstrated likelihood of success on the merits. Factual disputes as to the existence and nature of the contractual terms and to the existence of any protectible trade dress preclude the granting of injunctive relief at this time, with one exception.

It is undisputed that as recently as November 11, 2005, two of the depicted Alinco characters, the cougar[1] and the super lion[2], are linked to the website of Defendant with the words "WE HAVE UPDATED THIS ITEM! SEE THE RELATED PRODUCT[,]" and

---

[1] (*See* Terry Allen's Supplemental Affidavit, filed November 14, 2005 (dkt. no. 21), Exhibit D-2.)

[2] (*See* Terry Allen's Supplemental Affidavit, filed November 14, 2005 (dkt. no. 21), Exhibit D-3.)

links customers to items which are not Alinco products. (*See* Plaintiff's Reply Memorandum in Support of Its Motion for Temporary Restraining Order and Preliminary Injunction, filed November 14, 2005 (dkt. no. 18), at 4; s*ee also* Terry Allen's Supplemental Affidavit, filed November 14, 2005 (dkt. no. 21), at 4-5, and Exhibits D-2 and D-3.)

Defendants assert that they have removed this link reference, but if they have not, then they should forthwith.

Plaintiff's motion is otherwise DENIED at this time.

**SO ORDERED.**

DATED this 20 day of December, 2005.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge